IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



COREY M. LEWIS-BEY,

    Plaintiff,

v.                                  Civil Action No. 3:17CV763

WILLIAM WILSON, et al.,

    Defendants.

**MEMORANDUM OPINION**

Corey M. Lewis-Bey, a former Virginia prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), Federal Rule of Civil Procedure Rule 8(a), 20(a),[2] and Lewis-Bey's compliance with the Court's August 24, 2018 Memorandum Order. Specifically, by Memorandum Order entered August 24, 2018, the Court directed Lewis-Bey to

---

[1] In his submissions, Lewis-Bey spells his name as "Lewis-Bey" or "Lewis Bey." For the sake of consistency, the Court will refer to Plaintiff as Lewis-Bey. The Court corrects the punctuation, spelling, and capitalization in the quotations from Lewis-Bey's submissions.

[2] **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
    **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

submit a particularized complaint. (ECF No. 12.) The Court noted that the particularized complaint needed to explain why Lewis-Bey believed each defendant was liable to him. (Id. at 1.) Furthermore, the Court warned Lewis-Bey that if he failed to submit an appropriate particularized complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (Id. at 2.)

As explained below, the Second Particularized Complaint ("Complaint," ECF No. 13) fails to comply with the directives of the Court, including the rules regarding joinder.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

2

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 566 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations

3

omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am.

5

v. Gibbs, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." George, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." Coles v. McNeely, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing George, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

Id. (citing 28 U.S.C. § 1915(g); Showalter v. Johnson, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009).

6

### III. SUMMARY OF ALLEGATIONS AND CLAIMS

From September 27, 2017 until December 1, 2017, Lewis-Bey was detained in the Riverside Regional Jail ("the Jail"). (Compl. 1.) The first named defendant in the Complaint is William Wilson. According to Lewis-Bey,

> William Wilson (Director Community Corrections & Programs) – in a memorandum dated October 23, 2017, denied Corey Lewis-Bey's request for dietary accommodations specified on September 27, 2017. William Wilson's denial of dietary accommodation was based on interview questions and documentation relating to facility records on religious practices, and demonstration of sincere adherence to faith-based claims.

(Id. at 2 (citation omitted).) Lewis-Bey contends these actions by Defendant Wilson violated Lewis-Bey's rights, including his rights under the First[3] and Eighth Amendments.[4] (Id. at 2.)

Lewis-Bey also names as a defendant, M. Lewis, the law librarian at the jail. (Id. at 1.) Lewis-Bey contends that Defendant Lewis denied him access to the Jail's law library and that such actions violated, inter alia, Lewis's rights to equal protection and access to the courts. (Id.)

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

7

Lewis-Bey also names J. Collins, a chaplain, as a defendant in the first line of the Complaint. (Id.) Lewis-Bey, however, fails to mention J. Collins in the body of the Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Accordingly, all claims against J. Collins will be dismissed without prejudice.

## IV. DISMISSAL OF IMPROPERLY JOINED CLAIMS

The Court now proceeds with the analysis outlined in the August 24, 2018 Memorandum Order. The first named defendant in the Complaint is Defendant Wilson. (Compl. 1.) The claims against Defendant Wilson and Defendant Lewis neither arise out of the same transaction or occurrence nor present common questions of law and fact. "As such, this . . . complaint comprises multiple law suits, rather than one suit." Jackson v. Olsen, No. 3:09CV43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (quoting Canada v. Ray, No. 7:08cv00219, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10,

2009)).[5] Accordingly, all claims against Defendant Lewis will be dismissed without prejudice.

## IV. ANALYSIS OF THE REMAINING CLAIMS

Lewis-Bey alleges that on September 27, 2017, he provided the Jail with his "dietary restrictions." (Compl. 1.) On October 23, 2017, Defendant Wilson "denied Corey Lewis-Bey's request for dietary accommodations . . . . Wilson's denial for dietary accommodation was based on interview questions and documentation relating to facility records on religious practices and demonstration of sincere adherence to faith-based claims." (Id. at 2 (citation omitted).) "During the dates of September 27, 2017 thru December 1, 2017, Corey Lewis-Bey did not receive a regular diet, proper nutrition, and was denied dietary accommodations." (Id. at 1.)

Lewis-Bey contends that such actions violated: Lewis-Bey's right to the free exercise of his religion (Claim One); Lewis-

---

[5] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." Jones v. Bock, 549 U.S. 199, 203 (2007) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, see 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." Id. at 204. To allow an inmate, such as Jack, to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." Canada, 2009 WL 2448557, at *3.

9

Bey's right to be free from cruel and unusual punishment (Claim Two); Lewis-Bey's rights under the United Nations Declaration of the Rights of Indigenous Peoples (Claim Three); and the Universal Declaration of Human Rights (Claim Four).[6]

**A. Claim One**

To state a First Amendment free exercise claim, Lewis-Bey must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendant Wilson imposed a substantial burden on the practice of his religion. Whitehouse v. Johnson, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing Hernandez v. Comm'r, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Massenburg v. Adams, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (some internal quotation marks omitted) (quoting Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). Furthermore, "only intentional conduct is actionable under the Free Exercise Clause." Lovelace, 472 F.3d at 201. Thus, "[n]egligent acts by officials causing unintended denials of

---

[6] In Claim Four, Lewis-Bey refers to the "United Nations Declaration of Human Rights." (Compl. 4.) It appears that Lewis-Bey meant to refer to the Universal Declaration of Human Rights.

10

religious rights do not violate the Free Exercise Clause." Id. (citations omitted).

Lewis-Bey has not provided sufficient facts to plausibly allege that his religion was substantially burdened by any lack of dietary accommodations. Lewis-Bey does not identify what food his religion requires that he consume or avoid. Lewis-Bey does not state why he cannot simply avoid any foods offensive to his religion and still obtain a nutritionally adequate diet. See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint") (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Lewis-Bey's vague allegations fail to plausibly suggest that Defendant Wilson acted intentionally and substantially burdened Lewis-Bey's religious rights. See Krieger v. Brown, 496 F. App'x 322, 325-26 (4th Cir. 2012); Free v. Garcia, No. CIV-13-48-F, 2014 WL 798011, at *7 (W.D. Okla. Feb. 27, 2014); Shabazz v. Va. Dep't of Corr., No. 3:10CV638, 2013 WL 1098102, at *6-9 (E.D. Va. Mar. 15, 2013). Lewis-Bey's factual allegations with respect to his religious diet fail to "produce an inference of liability

11

strong enough to nudge the [his] claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 683) (some internal quotation marks omitted). Accordingly, Claim One will be dismissed without prejudice.

**B. Claim Two**

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381).

12

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v.

13

Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

Lewis-Bey fails to satisfy either the objective or subjective component of his Eighth Amendment claim. "Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious . . . ." King v. Lewis, 358 F. App'x 459, 460 (4th Cir. 2009) (citation omitted) (citing Wilson, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." Lockamy v. Rodriguez, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); see also Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because there was no specific allegations of physical harm).

Here, Lewis-Bey's general conclusory allegations fail to sufficiently indicate the seriousness of the deprivation. Lewis-Bey fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, from receiving improper food trays. See De'Lonta, 330 F.3d at 634 (citing Strickler, 989 F.2d at 1381). Additionally, Lewis-Bey

14

fails to allege facts that indicate Defendant Wilson knew of and disregarded an excessive risk to Lewis-Bey's health. See Farmer, 511 U.S. at 837; Sullivan v. Younce, No. 3:15CV10, 2017 WL 655175, at *3-*4 (E.D. Va. Feb. 16, 2017), aff'd, 697 F. App'x 190 (4th Cir. 2017). Accordingly, Claim Two will be dismissed without prejudice.

## C. Claims Three And Four

"[T]here is no private right of action under declarations such as the United Nations Declaration on the Rights of Indigenous Peoples" and the Universal Declaration of Human Rights. See Van Hope-el v. U.S. Dep't of State, No. 1:18-CV-0441 - JLT, 2019 WL 295774, at *3 (E.D. Cal. Jan. 23, 2019) (citing Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004); United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009); Bey v. Malec, Nos. 18-cv-02626-SI, 18-cv-02628-SI, 2018 WL 4585472 at *2 (N.D. Cal. Sept. 25, 2018); Townsend v. N.J. Transit & Amalgamated Transit Union, No. 09-1832 (GEB), 2010 WL 3883304, at *5 (D.N.J. Sept. 27, 2010). Accordingly, Claim Three and Four will be dismissed with prejudice.

## V. CONCLUSION

Lewis-Bey's claims against Defendant Lewis will be dismissed without prejudice. Claims One and Two will be dismissed without prejudice. Claims Three and Four will be dismissed with prejudice. The action will be dismissed.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 2, 2019
Richmond, Virginia